Anjali SHARMA; Purva Sharma; Harshita Sharma, Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–73046.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008 *.

Filed Jan. 28, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Vicenta E. Montoya, Esq., Las Vegas, NV, for Petitioners.

Frank A. Wilson, AUSA, USSP—Office of the U.S. Attorney, Spokane, WA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Lead petitioner Anjali Sharma, and her two daughters, Purva Sharma and Harshita Sharma, all natives and citizens of India, petition for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition.

■ Where, as here, the BIA has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002). Substantial evidence supports the conclusion that Anjali Sharma's testimony was implausible, and was inconsistent with regard to her sole identity document. *See Chebchoub,* 257 F.3d at 1043–44. Because there was reason to question her credibility, and she failed to produce non-duplicative, material, easily-available corroborating evidence, and because a reasonable trier of fact would not be compelled to conclude that corroborating evidence was unavailable, *see* 8 U.S.C. § 1252(b)(4)(D), substantial evidence supports the adverse credibility determination. *See Sidhu v. INS,* 220 F.3d 1085, 1092 (9th Cir.2000). Accordingly, petitioners' asylum application fails.

■ Because petitioners failed to satisfy the lower standard of proof for asylum, it necessarily follows that they failed to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because petitioners' CAT claim is based on the same evidence that the IJ found not

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

credible, we deny the CAT claim as well. *See id.* at 1156–57.

Petitioners' due process contentions are belied by the record. Contrary to their contentions, the record indicates that Anjali Sharma received a full and fair hearing, that the IJ adequately explained hearing procedures to her, and informed her of what evidence was necessary to establish her claim.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.